


U.S. Department of Housing and Urban Development

Atlanta Region, Miami Field Office
Brickell Plaza Federal Building
909 SE First Avenue, Rm. 500
Miami, FL 33131-3042

August 10, 2012

Terrence A. Smith, Esquire
Assistant County Attorney
Office of County Attorney
Miami-Dade County
111 N.W. First Street, Suite 2810
Miami, Florida 33128

Dear Mr. Smith:

    This responds to your letter dated July 12, 2012, requesting a legal opinion from the Office of Associate Regional Counsel, Miami Field Office, in the United States Department of Housing and Urban Development ("HUD" or the "Department"). Specifically, your correspondence sought a legal opinion on the applicability of the Federal Privacy Act of 1974 ("Privacy Act" or the "Act") to certain records in the possession of the Miami-Dade County Public Housing and Community Development Department (the "PHCD").

    You advised that the PHCD had received several requests for the release of documents for all Section 8 participants pursuant to Florida Statutes, Chapter 119. The documents contain personal information such as participants' addresses, race, ethnicity, disability status, number of children, and cell phone numbers.

    Your correspondence also stated that your inquiry was prompted by an apparent conflict between case law and a determination made by the Florida Attorney General on the issue of whether federal or state law applies to the disclosure of certain records maintained by housing authorities. In particular, the court in *Forsberg v. Housing Authority of the City of Miami Beach*, 455 So.2d 373 (Fla. 1984), held that under Florida law, a housing authority's records containing information provided by public housing tenants and prospective tenants were "public records" which were required by the law to be open for public inspection.[1] Similarly, the court in *Housing Authority of City of Daytona Beach v. Gomillion*, 639 So.2d 117 (Fla. 5th DCA 1994), ruled that records maintained on behalf of HUD by a public housing authority were subject to disclosure because the Housing Authority was not an "agency" of the federal government.[2] In contrast, the Florida Attorney General opined that only the responsible federal agency can determine whether federal law preempts Florida public records law, so as to limit control and access to records in the possession of Public Housing Authorities in Florida.[3]

---

[1] *Forsberg v. Housing Authority of the City of Miami Beach*, 455 So.2d 373 (Fla. 1984).
[2] *Housing Authority of City of Daytona Beach v. Gomillion*, 639 So.2d 117 (Fla. 5th DCA 1994).
[3] Op. Att'y Gen. Fla. (Informal 2006).

Hence, this opinion responds to the question of whether the Federal Privacy Act of 1974 preempts Florida Statute, Chapter 119 thus precluding the PHCD from disclosing documents containing personally identifiable information of Section 8 participants, unless such disclosures fully comply with the requirements of the Federal Privacy Act of 1974.

The Privacy Act does preempt Florida Statute, Chapter 119. As such, the PHCD cannot disclose any documents maintained for Section 8 participants, including documents with personally identifiable information of those participants, unless disclosures comply with the requirements of the Federal Privacy Act of 1974. Moreover, disclosure of these records is also limited by other federal laws such as the Freedom of Information Act ("FOIA").

Unlike the Privacy Act, FOIA and similar federal laws limiting public access to certain records, Florida Public Records Law, known as the Sunshine Law, (Fla. Stat. Chapter 119), authorize greater public access to certain records made or received in connection with the transaction of official business by any public agency created under Florida law. Notwithstanding the access provided by Florida law, "records which would be public under state law are unavailable for public inspection when there is clearly a conflict between federal and state law relating to the confidentiality of records. If the state, (i.e. PHCD, in this case), is subject to a federal statute that requires that certain records remain confidential, then pursuant to the Supremacy Clause of the United States Constitution, Art. VI, U.S. Const., the state must keep the records confidential.[4]

In the instant case, although the PHCD may be subject to Fla. Stat. 119, pursuant to the power granted by Fla. Stat. §421.2[5], the PHCD has entered into several agreements with HUD, including the Annual Contributions Contract, ("ACC"), wherein the PHCD has pledged to comply with "all applicable statutes, executive orders and regulations issued by HUD, and ensure compliance by any contractor or subcontractor engaged for the purposes of performing functions under a contract between the PCHD and HUD.[6] The PHCD is therefore obligated to comply with federal laws, regulations, executive orders etc., with respect to several programs it undertakes on behalf of HUD.

In fact, HUD Notice PIH 2010-15 (HA) advised HUD contractors and third party business partners, such as Public Housing Authorities that they must comply with the provisions of the Privacy Act, as well as FOIA and other federal laws which limit and control dissemination of personally identifiable information. The attached copy of HUD Notice PIH 2010-15 (HA), provides detailed guidance on the PHCD's obligation and responsibilities to protect the privacy of the information that PHAs, "collect, use, maintain and disseminate," on behalf of HUD.

HUD Notice PIH 2010-15 (HA), cites several federal laws which limit and control disclosure of information that PHAs collect on behalf of HUD. These laws include §§42 U.S.C. 1437(d) (q) (4), 42 U.S.C. 1437d, (t) (2) *etc.* of the National Housing Act of 1937 and 24 CFR Part 5. These various statutes and regulations not only require that PHAs comply with the provisions of the Privacy Act,

---

[4] *See* The Government- In-The-Sunshine Manual, (Citations Omitted), (Volume 31, 2009), Part II, available at: http://www.myflsunshine.com/sun/nsf/manual (last visited July 24, 2012).

[5] Fla. Stat. §421.2 authorizes PHAs to *inter alia* "...accept grants or other financial assistance from the Federal Government..., and to these ends, to comply with such conditions and enter into such trust indentures, leases or agreements as may be necessary,... [and] to do any and all things necessary or desirable to secure the financial aid or cooperation of the Federal Government."

[6] Form HUD-53012A, Section 5.

2 | P a g e

but also require that all assistance applicants be provided notice informing them of their rights under Privacy Act at the time of application and recertification. HUD's regulation at 24 CFR §5.212, in particular, addresses compliance with the Privacy Act, namely;

> (a) *Compliance with the Privacy Act.* The collection, maintenance, use, and dissemination of SSNs, EINs, any information derived from SSNs and Employer Identification Numbers (EINs), and income information under this subpart shall be conducted, to the extent applicable, in compliance with the Privacy Act (5 U.S.C. 552a) and all other provisions of Federal, State, and local law.
>
> (b) *Privacy Act notice.* All assistance applicants shall be provided with a Privacy Act notice at the time of application. All participants shall be provided with a Privacy Act notice at each annual income recertification.

Moreover, the foregoing regulation expressly preempts state law as stated:

> *Federal preemption.* This subpart B preempts any State law, including restrictions and penalties, that governs the collection and use of income information to the extent State law is inconsistent with this subpart. 24 CFR Part 5, Subpart B. (*See* 24 CFR §5.210 (c)).

Furthermore, under the Privacy Act, documents related to Section 8 participants maintained by the PHCD, are "a system of records" maintained by the PHCD on behalf of the Department, to accomplish an agency function. (*See* 5 U.S.C. §552a (a) (3)-(a), 5 U.S.C. §552a (m)). The guidelines governing the Privacy Act of 1974[7] specifies that under 5 U.S.C. §552a (a) (3), "a system of records," also include certain systems operated pursuant to a contract to which the agency is a party."[8] In addition, Subsection §552a (m) of the Act, further clarifies that "systems operated under a contract ...designed to accomplish an agency function are, in effect, deemed to be maintained by the agency."[9] Accordingly, documents for Section 8 tenants that the PCHD maintains to accomplish HUD's mandate to develop and provide affordable housing, are essentially, "agency records," whose disclosure is subject to the Privacy Act.

Finally, the Federal Information Security Management Act of 2002, 44 U.S.C. §3541 *et seq.*, ("FIMSA"), is another legal basis for the Department's protection, regulation and control of personally identifiable information that is maintained by the PHCD as a consequence of PHCD's role in performing an agency function. Through FISMA, the Department is responsible for;

> "providing information security protections commensurate with the risk and magnitude of the harm resulting from unauthorized access, use, disclosure, disruption, modification, or destruction of; "(i) information collected or maintained by or on behalf of the agency; and"(ii) information systems used or operated by an agency or by a contractor of an agency or other organization on behalf of an agency.." (*See*, 44 U.S.C. 3544(a)).

---

[7] 40 Fed. Reg. 28, 948, 951-52, 975-976.
[8] *Id.*
[9] *Id.* at 976.

3 | Page

Therefore, all records in the custody of the PHCD which are collected and maintained by the PHCD on behalf of HUD are subject to security protections and security controls developed and/or adopted by the Department pursuant to the authority of FISMA.

Clearly, as discussed *supra*, federal law expressly preempts state law with respect to the disclosure of the records in question. As such, the PHCD must collect, use, maintain and disseminate the personally identifiable information of Section 8 participants, in a manner that protects the privacy of those applicants, as specified by the foregoing federal laws, including the Privacy Act and FOIA. More importantly, regardless of the Florida Sunshine laws, the system of records maintained by PHCD for Section 8 tenants cannot be disclosed, except that such disclosure is in accordance with the provisions of the Privacy Act, FOIA, FISMA and other applicable federal laws and regulations.

Please contact Sorella Jacobs, Attorney Advisor, at extension 5103 should you need additional guidance or have any questions on this matter.

Sincerely,

Gail Ash Dotson
Associate Regional Counsel

cc: Greg Fortner, Director, PHCD
Annette Molina, Public Information Officer, PHCD
Sharon Matthews Swain, Regional Counsel, Region IV
Jose Cintron, Director, PIH, Miami

Attachment




U.S. Department of Housing and Urban Development
Office of Public and Indian Housing

| SPECIAL ATTENTION OF: | NOTICE PIH 2010-15 (HA) |
|---|---|
| Directors of HUD Regional and Field Offices of Public Housing; Public Housing Agencies that Receive Funds under Any Public and Indian Housing Program | Issued: May 6, 2010<br><br>Expires: May 31, 2011<br><br>Cross References: |

Subject: U.S. Department of Housing and Urban Development (HUD) Privacy Protection Guidance for Third Parties

1) **Purpose:** This notice informs all Public Housing Authorities (PHAs) about their responsibilities for safeguarding personally identifiable information (PII) required by HUD and preventing potential breaches of this sensitive data. HUD is committed to protecting the privacy of individuals' information stored electronically or in paper form, in accordance with federal privacy laws, guidance, and best practices. HUD expects its third party business partners, including Public Housing Authorities, who collect, use, maintain, or disseminate HUD information to protect the privacy of that information in accordance with applicable law.

2) **Background:** Section 6 of the Housing Act of 1937, the Privacy Act of 1974, 5 U.S.C. § 552a (Privacy Act), The Freedom of Information Act (FOIA), 5 U.S.C. § 552, and Section 208 of The E-Government Act are the primary federal statutes that limit the disclosure of information about public housing residents and recipients of the Housing Choice Voucher program. In addition, the Housing and Community Development Act of 1987, 42 U.S.C. § 1437d(q)(4), 42 U.S.C. § 1437d (t)(2), 42 U.S.C. § 3543, and the Stewart B. McKinney Homeless Assistance Act of 1988, 42 U.S.C. § 3544, further regulate the treatment of this information.

   a) General HUD program requirements are set forth in 24 C.F.R. Part 5. Compliance with the Privacy Act and other requirements for grants and contracts is spelled out in 24 C.F.R. § 5.212 which states:

   i) *Compliance with the Privacy Act.* The collection, maintenance, use, and dissemination of SSNs, EINs, any information derived from SSNs and Employer Identification Numbers (EINs), and income information under this subpart shall be

conducted, to the extent applicable, in compliance with the Privacy Act (5 U.S.C. 552a) and all other provisions of Federal, State, and local law.

ii) *Privacy Act Notice.* All assistance applicants shall be provided with a Privacy Act notice at the time of application. All participants shall be provided with a Privacy Act notice at each annual income recertification.

The Federal Acquisition Regulation (FAR), 48 C.F. R. Subpart 1524.1, sets forth that compliance with the requirements of the Privacy Act be included in HUD contracts at clause 52.224-2, which provides in part:

...(a) The Contractor agrees to—
(1) Comply with the Privacy Act of 1974 (the Act) and the agency rules and regulations issued under the Act ....

Similar language is included in all HUD Grant Agreements requiring the Grantee to comply with the provisions of the Privacy Act of 1974 and the agency rules and regulations issued under the Act. (See Attachments 1 and 2 for the above provisions)

b) Additional federal guidance on privacy protection is in OMB privacy-related memoranda, including:

   i) OMB M-01-05, Guidance on Inter-Agency Sharing of Personal Data – Protecting Personal Privacy
   ii) OMB M-03-22, OMB Guidance for Implementing the Privacy Provisions of the E-Government Act of 2002
   iii) OMB M-04-26, Personal Use Policies and ? File Sharing? Technology
   iv) OMB M-05-08, Designation of Senior Agency Officials for Privacy
   v) OMB M-06-15, Safeguarding Personally Identifiable Information
   vi) OMB M-06-16, Protection of Sensitive Agency Information
   vii) OMB M-06-19, Reporting Incidents Involving Personally Identifiable Information and Incorporating the Cost for Security in Agency Information Technology Investments
   viii) OMB Memo, September 20, 2006, Recommendations for Identity Theft Related Data Breach Notification Guidance
   ix) OMB M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information
   x) OMB M-09-29, FY 2009 Reporting Instructions for the Federal Information Security Management Act and Agency Privacy Management

c) Definitions

As used in this Notice, the following terms are defined as:

i) <u>Personally Identifiable Information (PII)</u>. Defined in OMB M-07-16 as "... information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc."

ii) <u>Sensitive Personally Identifiable Information</u>. PII that when lost, compromised or disclosed without authorization could substantially harm an individual. Examples of sensitive PII include social security or driver's license numbers, medical records, and financial account numbers such as credit or debit card numbers.

3) **Guidance on Protecting Sensitive Privacy Information:** The Privacy Act requires that federal agencies maintain only such information about individuals that is relevant and necessary to accomplish its purpose. The Privacy Act also requires that the information be maintained in systems or records – electronic and paper – that have the appropriate administrative, technical, and physical safeguards to protect the information, however current. This responsibility extends to contractors and third party business partners, such as Public Housing Authorities, who are required to maintain such systems of records by HUD.

   a) Contractors and third party business partners should take the following steps to help ensure compliance with these requirements:

   i) Limit Collection of PII

   (1) Do not collect or maintain sensitive PII without proper authorization. Collect only the PII that is needed for the purposes for which it is collected.

   ii) Manage Access to Sensitive PII

   (1) Only share or discuss sensitive PII with those personnel who have a need to know for purposes of their work. Challenge anyone who asks for access to sensitive PII for which you are responsible.

   (2) Do not distribute or release sensitive PII to other employees, contractors, or other third parties unless you are first convinced that the release is authorized, proper and necessary.

   (3) When discussing sensitive PII on the telephone, confirm that you are speaking to the right person before discussing the information and inform him/her that the discussion will include sensitive PII.

   (4) Never leave messages containing sensitive PII on voicemail.

(5) Avoid discussing sensitive PII if there are unauthorized personnel, contractors, or guests in the adjacent cubicles, rooms, or hallways who may overhear your conversations.

(6) Hold meetings in a secure space (i.e., no unauthorized access or eavesdropping possible) if sensitive PII will be discussed and ensure that the room is secured after the meeting.

(7) Treat notes and minutes from such meetings as confidential unless you can verify that they do not contain sensitive PII.

(8) Record the date, time, place, subject, chairperson, and attendees at any meeting involving sensitive PII.

iii) Protect Hard Copy and Electronic Files Containing Sensitive PII

(1) Clearly label all files containing sensitive PII by placing appropriate physical labels on all documents, removable media such as thumb drives, information systems, and application. Examples of appropriate labels might include ? For Official Use Only? or ? For (Name of Individual/Program Office) Use Only.?

(2) Lock up all hard copy files containing sensitive PII in secured file cabinets and do not leave unattended.

(3) Protect all media (e.g., thumb drives, CDs, etc.,) that contain sensitive PII and do not leave unattended. This information should be maintained either in secured file cabinets or in computers that have been secured.

(4) Keep accurate records of where PII is stored, used, and maintained.

(5) Periodically audit all sensitive PII holdings to make sure that all such information can be readily located.

(6) Secure digital copies of files containing sensitive PII. Protections include encryption, implementing enhanced authentication mechanisms such as two-factor authentication and limiting the number of people allowed access to the files.

(7) Store sensitive PII only on workstations that can be secured, such as workstations located in areas that have restricted physical access.

iv) Protecting Electronic Transmissions of Sensitive PII via fax, email, etc.

(1) When faxing sensitive PII, use the date stamp function, confirm the fax number, verify that the intended recipient is available, and confirm that he/she has received the fax. Ensure that none of the transmission is stored in memory on the fax

machine, that the fax is in a controlled area, and that all paper waste is disposed of properly (e.g., shredded). When possible, use a fax machine that uses a secure transmission line.

(2) Before faxing PII, coordinate with the recipient so that the PII will not be left unattended on the receiving end.

(3) When faxing sensitive PII, use only individually-controlled fax machines, not central receiving centers.

(4) Do not transmit sensitive PII via an unsecured information system (e.g., electronic mail, Internet, or electronic bulletin board) without first encrypting the information.

(5) When sending sensitive PII via email, make sure both the message and any attachments are encrypted.

(6) Do not place PII on shared drives, multi-access calendars, the Intranet, or the Internet.

v) Protecting Hard Copy Transmissions of Files Containing Sensitive PII

(1) Do not remove records about individuals with sensitive PII from facilities where HUD information is authorized to be stored and used unless approval is first obtained from a supervisor. Sufficient justification, as well as evidence of information security, must been presented.

(2) Do not use interoffice or translucent envelopes to mail sensitive PII. Use sealable opaque solid envelopes. Mark the envelope to the person's attention.

(3) When using the U.S. postal service to deliver information with sensitive PII, double-wrap the documents (e.g., use two envelopes – one inside the other) and mark only the inside envelope as confidential with the statement ? To Be Opened By Addressee Only.?

vi) Records Management, Retention and Disposition

(1) Follow records management laws, regulations, and policies applicable within your jurisdiction.

(2) Ensure all Public Housing Authority locations and all entities acting on behalf of the Authority are managing records in accordance with applicable laws, regulations, and policies.

(3) Include records management practices as part of any scheduled oversight protocols.

(4) Do not maintain records longer than required.

(5) Destroy records after retention requirements are met.

(6) Dispose of sensitive PII appropriately – use cross-cut shredders or burn bags for hard copy records and permanently erase (not just delete) electronic records.

vii) Incident Response

(1) Supervisors should ensure that all personnel are familiar with reporting procedures.

(2) Promptly report all suspected compromises of sensitive PII related to HUD programs and projects to HUD's National Help Desk at 1-888-297-8689.

4) **Information Contact.** Inquiries about this notice should be directed to Donna Robinson-Staton in the Office of the Chief Information Officer, at 708-5495 ext. 8073.

5) **Paperwork Reduction Act.** The information collection described in this Notice has been approved by the Office of Management and Budget (OMB) under the Paperwork Reduction Act (PRA) of 1995 (44 U.S.C 3520). In accordance with the PRA, HUD may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection displays a currently valid OMB control number.

_____/s/_____
Sandra B. Henriquez, Assistant Secretary for
Public and Indian Housing

Attachment 1

The Privacy Act of 1974: http://www.justice.gov/opcl/privstat.htm

Attachment 2

HUD's Implementation of the Privacy Act in 24 CFR Part 16:
http://www.access.gpo.gov/nara/cfr/waisidx_10/24cfr16_10.html